MICHELLE McCOY *et al.*, Plaintiffs-Appellants, v. MTI VACATIONS, INC., *et al.*, Defendants-Appellees.

First District (1st Division) No. 1—93—1767

Opinion filed May 8, 1995.

Horvath & Lieber, P.C., of Chicago (Rosemarie J. Guadnolo and Claire Toomey Durkin, of counsel), for appellants.

Cowan & Minetz, Chartered, of Chicago (Robert S. Minetz and Sarah S. Hirsen, of counsel), for appellees.

JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiffs, Michelle McCoy and Anthony Belcastro, purchased a vacation package from defendants, MTI Vacations, Inc. (MTI), and Adam Zientkiewicz, d/b/a LAS Travel Bureau, in March 1991. On

April 27, 1992, plaintiffs filed suit in the circuit court of Cook County, alleging defendants failed to notify them of flight changes made to their vacation. Count I of plaintiffs' complaint sought actual damages for defendants' alleged breach of contract. Count II sought damages and attorney fees for defendants' alleged violations of the Travel Promotion Consumer Protection Act (Travel Act) (Ill. Rev. Stat. 1991, ch. 121½, par. 1851 *et seq.* (now 815 ILCS 420/1 *et seq.* (West 1992))).

MTI filed a motion for judgment on the pleadings on count II, arguing that there was no right to a private cause of action under the Travel Act. The circuit court granted MTI's motion with leave to amend. Plaintiffs filed an amended complaint in which they alleged a private cause of action under the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (Ill. Rev. Stat. 1991, ch. 121½, par. 270a (now 815 ILCS 505/10a (West 1992))), for defendants' alleged violations of the Travel Act. On February 18, 1993, Judge Donald Joyce denied MTI's motion to dismiss plaintiffs' amended count II and set the case for trial.

On April 13, 1993, Judge Clarence Bryant dismissed count II after inviting counsel for MTI to orally renew its motion to strike. The parties proceeded to trial on count I, and judgment was entered against defendants in the amount of $956, plus costs. Plaintiffs appeal the circuit court's decision to strike count II.

The issue on appeal is whether the Consumer Fraud Act provides a private cause of action to persons damaged as a result of violations of the Travel Act. Because we answer this question in the affirmative, we will not consider plaintiffs' contention that Judge Bryant erred in striking count II of the amended complaint two months after Judge Joyce had denied defendants' motion to dismiss.

A statute will be construed by an appellate court independent of the trial court's determination. (*Eck v. McHenry County Public Building Comm'n* (1992), 237 Ill. App. 3d 755, 759, 604 N.E.2d 1109, 1113.) A court is to ascertain and give effect to the true intent and meaning of the legislature, with the best evidence of intent being the language of the statute itself. (*Puss N Boots, Inc. v. Mayor's License Comm'n* (1992), 232 Ill. App. 3d 984, 986, 597 N.E.2d 650, 652.) A statute must be enforced as written if it is unambiguous. *Haist v. Wei Wu* (1992), 235 Ill. App. 3d 799, 813, 601 N.E.2d 927, 936.

Section 2Z (formerly section 2O), of the Consumer Fraud Act provides in pertinent part: "Any person who knowingly violates *** the Travel Promotion Consumer Protection Act *** commits an unlawful practice within the meaning of this Act." (Ill. Rev. Stat. 1991, ch. 121½, par. 262O (now 815 ILCS 505/2Z (West 1992)).) Section 10a of the Consumer Fraud Act provides in pertinent part: "Any

person who suffers damage as a result of a violation of [the Consumer Fraud Act] committed by any other person may bring an action against such person." Ill. Rev. Stat. 1991, ch. $121^1/2$, par. 270a (now 815 ILCS 505/10a (West 1992)).

We find that the Consumer Fraud Act clearly affords a private cause of action to those who suffer damage as a result of a violation of the Travel Act. The plain and unambiguous language provides that a violation of the Travel Act is a violation of the Consumer Fraud Act, and under the Consumer Fraud Act a private cause of action may be maintained for Consumer Fraud Act violations.

Judge Bryant seemed to base his decision on the fact that the Travel Act by itself does not provide a private remedy. Section 7 of the Travel Act provides:

"Violation of any of the provisions of this Act is an unlawful practice pursuant to Section 2O [now section 2Z] of the [Consumer Fraud Act] \*\*\*. All remedies, penalties and authority granted to the Attorney General by that Act shall be available to him for the enforcement of this Act. In any action brought by the Attorney General to enforce this Act, the court may order that persons who incurred actual damages be awarded the amount at which actual damages are assessed." (Ill. Rev. Stat. 1991, ch. $121^1/2$, par. 1857 (now 815 ILCS 420/7 (West 1992)).)

During the hearing on this issue at trial, Judge Bryant explained that the reason for the reference to the Consumer Fraud Act was that the legislature wanted to reduce the evidentiary proofs required by the Attorney General in Travel Act cases. Apparently he believed that this was the only reason the legislature included violations of the Travel Act within the category of unlawful practices covered under the Consumer Fraud Act. While this may or may not be true, it is not the court's role "to search for any subtle or not readily apparent intention of the legislature" where the language is plain and unambiguous. (*Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund* (1983), 95 Ill. 2d 211, 216, 447 N.E.2d 394, 397.) The plain language of the statutes simply does not support the notion that the legislature intended to do nothing more than adopt the Consumer Fraud Act's standards of proof in Travel Act cases by incorporating Travel Act violations into the Consumer Fraud Act.

Although our research has failed to produce a case directly on point, we believe our holding is supported by the Illinois Supreme Court's discussion in *Hoover v. May Department Stores Co.* (1979), 77 Ill. 2d 93, 395 N.E.2d 541. In *Hoover*, the supreme court held that the Retail Installment Sales Act (Ill. Rev. Stat. 1991, ch. $121^1/2$, par. 501 *et seq.* (now 815 ILCS 405/1 *et seq.* (West 1992))), which contained a

provision for enforcement by the Attorney General, did not provide for a private cause of action. (*Hoover*, 77 Ill. 2d at 102, 395 N.E.2d at 546.) However, the supreme court noted that under certain circumstances, a private cause of action could be maintained under the Consumer Fraud Act for violations of the Retail Installment Sales Act. *Hoover*, 77 Ill. 2d at 102, 395 N.E.2d at 545-46.

Section 2E of the Consumer Fraud Act provides that three or more violations of the Retail Installment Sales Act during a calendar year, as determined in a civil or criminal proceeding, constitute a violation of the Consumer Fraud Act. (Ill. Rev. Stat. 1991, ch. 121$^{1}$/$_{2}$, par. 262E (now 815 ILCS 505/2E (West 1992)).) Section 2F provides that a person who is held in a civil or criminal proceeding to have "wilfully and materially" violated the Retail Installment Sales Act violates the Consumer Fraud Act. (Ill. Rev. Stat. 1991, ch. 121$^{1}$/$_{2}$, par. 262F (now 815 ILCS 505/2F (West 1992)).) In interpreting these sections, the supreme court stated that a private cause of action could be maintained under section 10a of the Consumer Fraud Act (Ill. Rev. Stat. 1991, ch. 121$^{1}$/$_{2}$, par. 270a (now 815 ILCS 505/10a (West 1992))), when section 2E or 2F applied because such violations of the Retail Installment Sales Act constituted violations of the Consumer Fraud Act. *Hoover*, 77 Ill. 2d at 102, 395 N.E.2d at 545-46.

Finally, defendants argue that by adopting plaintiffs' position, this court would effectively render section 7 of the Travel Act meaningless. We disagree. We concede that the remedies section of the Travel Act is redundant in that it adopts the remedies available to the Attorney General under the Consumer Fraud Act after it states that a violation of the Travel Act is a violation of the Consumer Fraud Act. However, section 7 does serve the purpose of directing the enforcers of the Travel Act to the Consumer Fraud Act. This court is not in the position to question the legislature's decision to allow enforcement by the Attorney General through the Travel Act while channelling a private cause of action through the Consumer Fraud Act.

To the extent that section 7 lacks meaning, it is due to the way in which the legislature drafted that section and not to this court's interpretation. The fact that the Travel Act does not provide for a private cause of action does not alter the plain language of the Consumer Fraud Act, and there is certainly no language in section 7 of the Travel Act that prohibits a private cause of action through the Consumer Fraud Act. Therefore, we hold that plaintiffs have a private cause of action under section 10a of the Consumer Fraud Act to seek relief for violations of the Travel Act.

For the foregoing reasons, we reverse the order of the circuit

498

court and remand for further proceedings consistent with this opinion.

Reversed and remanded.

CAMPBELL, P.J., and BRADEN, J., concur.